IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**CHERYL D. UZAMERE,**

  **Plaintiff,**

v.

**EHIGIE EDOBOR UZAMERE, et al.,**

  **Defendants.**

CIVIL ACTION FILE

No. 1:22-CV-2745-SCJ

## ORDER

The Court issues this Order to clarify footnote four of the Court's Order Dismissing in Part and Transferring this Action to the Eastern District of New York. Doc. No. [9], 7 n.4.

In footnote four, the Court wrote:

> Because the Court finds that it lacks subject matter jurisdiction over this Action, the Court declines to decide whether Plaintiff's claims regarding the Kings County Order are also dismissed under the domestic relations exception to jurisdiction. See McCavey v. Barnett, 629 F. App'x 865, 867 (11th Cir. 2015) (citing Stone v. Wall, 135 F.3d 1438, 1441 (11th Cir. 1998)) ("A district court should abstain from cases in which the following policies are present: (1) there is a strong state interest in domestic

> relations; (2) the state courts can competently settle the family dispute; (3) the state continues to supervise the decrees; and (4) federal dockets are congested."). Determining whether a case falls within the domestic relations exception requires the Court to independently assess whether a claim is one involving issues peculiarly within the province of a domestic relations court. See Kirby v. Mellenger, 830 F.2d 176, 178 (11th Cir. 1987) ("Not every case involving a dispute between present or former spouses" involves the domestic relations exception, and federal courts "should sift through the claims of the complaint to determine the true character of the dispute to be adjudicated."); see also Greiner v. De Capri, 403 F. Supp. 3d 1207, 1220 (N.D. Fla. 2019) (holding that the domestic relations exception did not attach because Plaintiff sought to enforce the right to financial support granted by operation of federal statute, not a divorce decree, alimony, or child support decree). It is unclear from Plaintiff's briefing whether the Kings County Order provided financial support under federal or state law. See Doc. No. [1], 48 (Plaintiff cites New York law and the Social Security Act as a basis for the spousal support order). To date, Plaintiff has not provided the Court a legible copy of the Kings County Order; thus, the Court cannot determine whether the domestic relations exception applies in this case.

Doc. No. [9], 7 n.4.

After issuing the Order, the Court was informed that Ms. Uzamere contacted the Clerk of Court and stated that she mailed a certified copy of the Kings County Order along with her filings to the Court. The Clerk of Court's staff

reviewed all of Plaintiff's filings and notified the Court's staff that a certified copy of the Kings County Order was attached to Plaintiff's Motion to Recuse (Doc. No. [2], 29–30), which was filed on July 12, 2022. On July 12, 2022, the Clerk of Court filed a legible scanned copy of this document onto the Court's electronic filing system. Doc. No. [2].

Accordingly, the Court deems it proper to modify it's August 17, 2022 Order to delete the language that states that "Plaintiff has not provided the Court with a legible copy of the Kings County Order." The Court further provides clarification and otherwise perfects the record as to its August 17, 2022 Order (Doc. No. [9], n.4) as follows.

When the Court issued the July 14, 2022 Recusal Order (Doc. No. [6]), the Court reviewed Plaintiff's Motion and attachments. There, the Court focused on whether the Court's impartiality may reasonably be questioned in this proceeding. When the Court issued the August 17, 2022 Order, Court reviewed Plaintiff's 707-page Complaint (Doc. No. [1]) and Plaintiff's ninety-three-page Response to the Court's Show Cause Order (Doc. No. [7]). There the Court focused on subject matter jurisdiction and transfer analysis that stemmed from Plaintiff's Complaint and Show Cause Order. The Court did not re-review the

141 pages attached to Plaintiff's Motion to Recuse (Doc. No. [2], 28–169) when deciding whether this Action should be dismissed in part and transferred to the Eastern District of New York.

The Court has now reviewed the Kings County Order and finds that it does not specify whether Plaintiff was awarded spousal support pursuant to New York law or the Social Security Act. The Court remains unable to determine whether the domestic relations exception to diversity jurisdiction is *an additional* basis for dismissing Plaintiff's claim for the enforcement of the King County Order. Accordingly, except as modified and clarified herein, the Court's August 17, 2022 Order (Doc. No. [9]) remains in full force and effect.

IT IS SO ORDERED this 29th day of August, 2022.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE